******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JOHN BREWER *v.* COMMISSIONER OF CORRECTION
(SC 21018)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

Argued September 22—officially released November 11, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Schuman, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Alvord, Cradle* and *Suarez, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Julia K. Conlin*, assigned counsel, with whom were *James P. Sexton*, assigned counsel, and, on the brief, *Emily Graner Sexton*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Kelly Masi* and *Marc Ramia*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, John Brewer, appeals, upon our grant of his petition for certification,[1] from

---

[1] We granted the petitioner's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issues: (1) "Is the record adequate to review the petitioner's claims of ineffective assistance of trial and habeas counsel when the habeas court had determined that its rejection of the petitioner's claim under *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), necessarily disposed of his ineffective assistance claims?" And (2) "[d]id the Appellate Court properly reject the petitioner's claims of ineffective assistance of trial and habeas counsel stemming from trial counsel's failure to investigate the key witnesses' expectations of favorable treatment in exchange for their cooperation?" *Brewer* v. *Commissioner of Correction*, 349 Conn. 910, 314 A.3d 601 (2024).

the judgment of the Appellate Court affirming the judgment of the habeas court, which denied his fourth petition for a writ of habeas corpus. See *Brewer* v. *Commissioner of Correction*, 224 Conn. App. 902, 902, 310 A.3d 414 (2024). On appeal, the petitioner claims that the Appellate Court improperly affirmed the judgment of the habeas court.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.